**AFFIDAVIT IN SUPPORT OF AN**
**APPLICATION FOR A CRIMINAL COMPLAINT**

I, Mariano Garay-Ortiz, being first duly sworn, do here by depose and state that:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a United States Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport, Carolina, Puerto Rico.

2. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. This affidavit is submitted in support of a criminal complaint charging Juan Hilario CORTORREAL-ALBERTO ("CORTORREAL-ALBERTO") with: (1) Re-entry after deportation as an Aggravated Felon in violation of 8 U.S.C. § 1326(a) & (b)(2).

**PROBABLE CAUSE**

4. On or about April 28, 2025, at the Pan American Dock West in San Juan, Puerto Rico, an alien by the name of Juan Hilario CORTORREAL-ALBERTO, a citizen of the Dominican Republic, was found attempting to board the Ferry M/V Kydon, bound to the city of Santo Domingo, Dominican Republic.

5. During the inspection conducted by the U.S. Customs and Border Protection Officers, the alien claimed to be Juan Hilario CORTORREAL-ALBERTO by presenting a Dominican Republic passport #PR0584177 as proof of identity.

6. Since the alien did not present a valid document to be legal in the United States; the inspection was referred for a closer examination.

7. During this process CORTORREAL-ALBERTO's fingerprints were submitted to the FBI for examination and comparison, this examination disclosed a match to FBI record #107927CC8. That FBI record revealed the following:

a) On 09/27/1996, subject was convicted by the State of Massachusetts for Possession of a Class B Substance with Intent to Distribute.

b) On 10/16/1996, subject was Ordered Excluded / Deported from the United States to the Dominican Republic by the Immigration Judge.

c) On 10/24/1996, subject was physically removed from the United States to the Dominican Republic.

d) On 07/23/2011, the subject was apprehended by Border Patrol and served with a Notice of Intent / Decision to Reinstate Prior Order.

e) On 01/17/2012, subject was convicted for Reentry of Removed Aliens (8 USC 1326 (b)(2) at the US District Court for the District of Puerto Rico. (3:11-CR-366-1 (GAG)).

f) On 02/03/2012, subject was physically removed from the United States to the Dominican Republic.

g) On 02/06/2013, the subject was apprehended by Border Patrol and served with a Notice of Intent / Decision to Reinstate Prior Order.

h) On 06/20/2013, subject was convicted for Reentry of Removed Aliens (8 USC 1326 (b)(2) at the US District Court for the Southern District of Texas. (2:13-CR-00162-1).

i) On 07/15/2014, subject was physically removed from the United States to the Dominican Republic.

j) On 08/02/2014, the subject was apprehended by Border Patrol and served with a Notice of Intent / Decision to Reinstate Prior Order.

k) On 12/23/2014, subject was convicted for Reentry of Removed Aliens (8 USC 1326 (b)(2) at the US District Court for the District of Puerto Rico. (3:14-CR-0489-1 (PG).

l) On 02/27/2017, subject was physically removed from the United States to the Dominican Republic.

8. CORTORREAL-ALBERTO was read his *Miranda* rights, and he did not waive his rights and did not agree to be interviewed. During his immigration interview, CORTORREAL-ALBERTO stated that his true and correct name is Juan Hilario CORTORREAL-ALBERTO, and that he is a national and citizen of the Dominican Republic.

9. As part of his removal procedure CORTORREAL-ALBERTO was advised that after his deportation / removal from the United States, he was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

10. I conducted records checks which reveal that no application to request permission on form I-212 had been filed on behalf of "Juan Hilario CORTORREAL-ALBERTO" at the Office of Citizenship and Immigration Services. Thus, CORTORREAL-ALBERTO has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to be legally enter and/or remain in the United States.

11. CORTORREAL-ALBERTO is a citizen and national of the Dominican Republic and is an alien with no authorization or legal status to be present in the United States.

12. Further, CORTORREAL-ALBERTO was deported from the United States and prohibited from re-entering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

[SPACE INTENTIONALLY BLANK]

## CONCLUSION

13. Based upon my training, experience, and my participation in this investigation, I believe that probable cause exists that Juan Hilario CORTORREAL-ALBERTO illegally reentered the United States after being removed and subsequent to an aggravate felony conviction, in violation of 8 U.S.C. § 1326 (a) & (b)(2).

Respectfully submitted,

Mariano Garay-Ortiz
Enforcement Officer
US Customs and Border Protection

Sworn in accordance with the requirement of Fed. R. Crim. P. 4.1. by telephone at __11:43AM__ on this __29th__ day of April 2025, in San Juan, Puerto Rico.

HON. MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

4